699 P.2d 1310

**PICTURE ROCKS FIRE DISTRICT, a body politic, Plaintiff/Appellee,**

v.

**Sandy UPDIKE, Defendant/Appellant.**

**No. 2 CA–CIV 5141.**

Court of Appeals of Arizona, Division 2.

March 6, 1985.

John R. Moffitt, Tucson, for plaintiff/appellee.

Ronald W. Sommer, Tucson, for defendant/appellant.

## OPINION

HATHAWAY, Judge.

Picture Rocks Fire District, an Arizona body politic (District), brought an action to enjoin one of the members of its elected board, Sandy Updike (Updike), from doing certain allegedly improper activities. Updike responded to the petition by filing a counterpetition and third-party complaint alleging improper actions by the district's employees and the other members of the board of directors. Among other things, she prayed that the court prohibit the district and the third-party defendants from denying her access to public records and records to which access traditionally had been given members of the board.

The district's motion for temporary injunction was heard and granted. Under the terms of the order Updike was restrained from attending certain activities at the district and from entering the district's headquarters or fire stations anytime other than normal business hours. Entry for purposes of reviewing documents was limited to 1 p.m. until 4 p.m. on Tuesdays and Thursdays. She was also permitted by the order to attend board of directors meetings or meetings open to the general public. The district was ordered to make available to Updike for inspection and copying all documents and files, with certain specified exceptions.

Updike filed a petition for an order to show cause on contempt in August 1983, setting out an affidavit alleging disobedience to the prior order by the district. The district responded with a petition that the order be modified so as to exclude Updike from the district premises, alleging that her activities on the premises constituted an unreasonable harassment of the district personnel.

Updike's position is that her inclination to investigate the activities of the district stem from her concern that she have sufficient personal knowledge of those activities to discharge her duties as an elected official. The district's position is that she conducts herself in a harassing, insulting and disruptive manner disturbing the personnel and the work of the district.

Updike contends on appeal that the trial court erred (1) in refusing to order that she, an elected and currently serving member of the board of directors of the district, be provided access to all minutes and tape-recordings of executive sessions of the board; (2) in refusing to order that she be given access to the complete minutes for the years 1981, 1982 and 1983, and (3) in disregarding uncontradicted evidence in finding that she was provided with all public records which she had requested and which she was entitled to inspect.

The district's position is that Updike is not entitled to copies of executive session minutes for meetings at which she was not present, whether said executive sessions were held before or after her election to the board. The trial court agreed with the

district's interpretation of the statute. The statute provides in A.R.S. § 38–431.03(B):

"Minutes of or discussions made at executive sessions shall be kept confidential *except from members of the public body which met in executive session* from officers, appointees or employees who are the subject of discussion or consideration pursuant to subsection A, paragraph 1 of this section and from the auditor general made in connection with an audit authorized as provided by law. The public body shall instruct persons who are present at the executive session regarding the confidentiality requirements of this article." (Emphasis added) (1984–85 Supp.)

■ Appellant argues that from the standpoint of simple grammar it can be seen that the clause "which met in executive session" modifies the compound noun "public body" and not the noun "members." It is pointed out that "which" does not appropriately refer to the noun "members." If members were referred to, "who" would have been used. From a diagrammatic standpoint, it is argued that the clause modifies the noun next most recent. We agree with appellant's attribution of the more appropriate grammar to the legislative meaning. The following example illustrates the hindrance that could occur to a public body if the district's interpretation is followed. A, B and C are members of a public body and meet in executive session. Two months later, D, E and F are elected to replace A, B and C. If a question arises concerning a topic known to have been considered in executive session by A, B and C, should D, E and F be precluded from access to that information? To forbid them access, and require that they make an independent determination uninformed as to their predecessors' action or declining to act, hamstrings a public body. We believe that the declaration of public policy opts for opening the executive session to appellant, and so hold. If minutes of the executive sessions in question include attorney-client privileged material arising from the litigation between appellant and appellee, A.R.S. § 38–431.03(A)(3), upon remand appellee will be permitted to request an in camera inspection and appropriate protective order preserving privileged material.

■ The district does not take issue with Updike's argument that she is entitled to the complete minutes of the board for the years 1981, 1982 and 1983. We find the record somewhat ambiguous in this area, but conclude that Updike is entitled to "all documents and files ... except personnel files and files pertaining to current arson investigations," as stipulated to by the parties. Whether certain files are in existence is another matter which we do not address in view of the district's failure to specifically address the last two issues raised on appeal, and since those issues are debatable we treat appellee's silence as a confession of reversible error and reverse. *Tiller v. Tiller*, 98 Ariz. 156, 402 P.2d 573 (1965). It goes without saying that any perusal of the records of the district is to be accomplished in a reasonable and prudent fashion and without interference with the district's employees' performance of their duties.

Reversed.

BIRDSALL, C.J., and HOWARD, J., concur.